UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUAN ANTONIO WONG-GONZALES | : | No.  10-428-1 |

MEMORANDUM

Pratter, J.                                                                                               August 11, 2011

## INTRODUCTION

Attended by two retained attorneys and a Spanish language interpreter, on December 1, 2010, Juan Antonio Wong-Gonzalez pled guilty to two counts of violating federal narcotics laws.  He did so in conjunction with executing a written guilty plea agreement.  At the conclusion of the plea hearing, the Court discussed a proposed time frame for sentencing suitable for defense counsel's schedule.  Eventually, sentencing was set for April 7, 2011, but that date proved impractical when both retained defense counsel withdrew their representation of Mr. Wong-Gonzalez and new counsel appeared on his behalf and requested a postponement.

Two weeks later on April 22, 2011, Mr. Wong-Gonzalez filed a motion to withdraw his guilty plea.  The Government opposes the Motion.  The Court held an evidentiary hearing on July 19, 2011, during which Mr. Wong-Gonzalez testified and counsel presented their respective arguments.

For the reasons discussed in this Memorandum, the Motion is denied.

## DISCUSSION

In accordance with Rule 11 of the Federal Rules of Criminal Procedure, at Mr. Wong-

Gonzalez's plea hearing the Court closely, and in considerable detail, questioned Mr. Wong-Gonzalez about his awareness of his rights, his appreciation of the nature of the charges levied against him, the nature and terms of his plea agreement, his full acknowledgment of the potential maximum length of incarceration and other potential sentencing features to which he was exposed by pleading guilty, and his admission of all the underlying facts forming the basis for his guilty plea.

Specifically, at the start of the guilty plea hearing, Mr. Wong-Gonzalez confirmed that he understood he was under oath, meaning that he had given his word to tell the truth. He also confirmed that he had the benefit of counsel of his choice,[1] with whose representation and advice he assured the Court he was satisfied. Mr. Wong-Gonzalez also assured the Court (1) that he fully understood the charges against him, having had the indictment read to him or translated for him, and (2) that by pleading guilty he understood that he was waiving and renouncing numerous rights and potential rights. At the conclusion of the lengthy hearing , Mr. Wong-Gonzalez entered a guilty plea because, he acknowledged, he was in fact guilty as charged. He declined the proffered opportunity to speak to the Court to contradict, modify, explain or correct any of the statements made to the Court by any attorney or by Mr. Wong-Gonzalez himself as part of the Court's inquiry into the efficacy of the guilty plea. Satisfied that he was telling the truth and was fully cognizant of his rights and risks, the Court accepted Mr. Wong-Gonzalez's plea and adjudged him guilty of the crimes alleged.

Now, as he faces sentencing, Mr. Wong-Gonzalez moves to withdraw his guilty plea. The

---

[1] Indeed, at the hearing Mr. Wong-Gonzalez had two attorneys, one from Arizona who appeared pro hac vice and one Philadelphia-based counsel.

upshot of Mr. Wong-Gonzalez's argument is that he did not fully contemplate the implications of his plea or certain of his specific stipulations in the plea agreement as they relate to the Sentencing Guidelines.  In his motion, Mr. Wong-Gonzalez suggests that, when his proposed plea agreement was translated for him initially, he believed its terms were something other than those actually set out in the agreement.  The primary misunderstandings, he now suggests, concern the quantity of the narcotics for which he is considered responsible, the implications of possession of a firearm, and the role, if any, of a then-potential prosecution of Mr. Wong-Gonzalez in Arizona that was the subject of discussion during plea negotiations.  As a result, Mr. Wong-Gonzalez contends that he did not fully understand the potential consequences of his plea in terms of the full extent of the crimes of which he would be convicted, the significance of the agreed-upon weight of contraband, the potential Guidelines enhancements and the Guidelines ranges.  Therefore, Mr. Wong-Gonzalez concludes that his plea was "involuntary and unintelligent and there is a fair and just reason for withdrawal."

      The Court can not agree with Mr. Wong-Gonzalez's assessment.  At the evidentiary hearing, Mr. Wong-Gonzalez acknowledged that he understood the translator who translated the guilty plea agreement—so much so, in fact, that Mr. Wong-Gonzalez did not request that the translator repeat or decipher any part of the translation.  Mr. Wong-Gonzalez acknowledges that neither his lawyers nor the Government's lawyer gave him any assurances, promises, guarantees or even a strong indication of what his ultimate sentence would be.  Rather, he was told there was every likelihood that a 10-year mandatory minimum sentence would be imposed.[2]  He also admits,

---

[2] Curiously, one of Mr. Wong-Gonzalez's arguments for withdrawing his guilty plea is based on his attorneys' alleged *failure* to tell him that there was a good possibility that his sentence would be lightened by the potential application of the so-called "safety valve."  Suffice

as he must, that his plea negotiations and his plea hearing included pointed references to the implications and operation of his Arizona-based criminal activities, which activities have in fact—and to his benefit—been subsumed in the prosecution in the Eastern District of Pennsylvania at least insofar as his guilty plea agreement here allows him to avoid a second and consecutive lengthy sentence in Arizona.  Finally, and to his credit, Mr. Wong-Gonzalez affirmed that he told the Court the truth at his change of plea hearing when the Court asked him detailed questions about his understanding of his plea agreement, his acceptance of it, his declination of further explanation, his waiver of his rights and ultimately, his concession of guilt for the crimes as alleged.  Therefore, the Court is entirely satisfied that Mr. Wong-Gonzalez knowingly and voluntarily waived his right to a trial.

      Consequently, Mr. Wong-Gonzalez has not met his substantial burden under Federal Rule of Criminal Procedure 11(d)(2)(B)[3] to demonstrate a "fair and just" reason to withdraw his guilty plea. *See* United States v. Jones, 336 F.3d 245, 252 (3rd Cir. 2003) (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997)).  There is no "'absolute right'" to withdraw a plea of guilty.  *See, e.g.*, United States v. Trott, 779 F.2d 912, 915 (3rd Cir. 1985) (quoting Government of Virgin Islands v. Berry, 631 F.2d 214, 219-20 (3rd Cir. 1980)).  Given the solemn thoroughness required by the Federal Rules of Criminal Procedure for the evaluation of the tendering and acceptance of a guilty plea,[4] it is only appropriate that Mr. Wong-Gonzalez should be held to a high bar before

---

it to say, such a "failing" would be an unusual basis for permitting a withdrawal of a guilty plea.  It will not so operate here.

    [3]Formerly codified in part at Federal Rule of Criminal Procedure 32(e).

    [4]Far from being critical of or cynical about the process, the Court unreservedly endorses and strives to meet the highest standards of care for making sure that any defendant who is

being able to withdraw his own.  He must present a persuasive reason why he should be permitted to do so, lest other defendants be tempted to follow his lead, thereby handicapping the criminal justice system with disingenuous, and then recanted, Rule 11 pleas. *Cf*. United States v. Jones, 979 F.2d 317, 318 (3rd Cir. 1992) ("The district court retains a great deal of discretion to deny a withdrawal motion. A simple shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to force the government to incur the expense, difficulty and risk of trying a defendant, who has already acknowledged his guilt before the court. We do not take lightly the right which every defendant possesses to have the protective cloak of innocence removed by trial. Nonetheless, the situation is different when the cloak has been shed voluntarily and knowingly before the court.") (*superseded by statute on other grounds*).

Mr. Wong-Gonzalez's justification for seeking to withdraw his plea seems to be principally, if somewhat loosely, tied to the notion that a language barrier impeded his understanding of his guilty plea.  In that regard, his argument is one that raises a kind of competency challenge.  The legal standard for determining a criminal defendant's competence to plead guilty is the same as the competency standard for standing trial.  Taylor v. Horn, 504 F.3d 416, 430 (3rd Cir. 2007) (citing Godinez v. Moran, 509 U.S. 389, 399-400 (1993)).  Thus, the Court considers whether Mr. Wong-Gonzalez had "sufficient present ability to consult with his

---

weighing the risks, benefits, "pros" and "cons" of a guilty plea does so in an atmosphere that respects the defendant's personal decision making process, encouraging both free will and appropriate competence and clarity.  Not surprisingly, a defendant may be unhappy with the choices presented, but the Court nonetheless seeks to assure every defendant that his or her independent ability to choose is preserved.  By the same token, every defendant must recognize that the process itself is to be respected in return.  Hence, it is not—and should not be—an easy matter to withdraw a guilty plea. *See*, *e.g.*, United States v. Hyde, 520 U.S. 670, 676-77 (1997); Brady v. United States, 397 U.S. 742, 748-55 (1970); United States v. Jones, 336 F.3d 245, 252 (3rd Cir. 2003).

lawyer[s] with a reasonable degree of rational understanding" and whether Mr. Wong-Gonzalez possessed "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960); *see also* Taylor, 504 F.3d at 430. The Court's review of the record and careful in-person evaluation of Mr. Wong-Gonzalez's performance in various court proceedings leaves the Court without a shred of uncertainty that Mr. Wong-Gonzalez was competent to plead guilty and knew full well all that he deserved and needed to know to so plead.

Accordingly, the Court denies Mr. Wong-Gonzalez's motion to withdraw his guilty plea and will set his sentencing hearing date in the normal course.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge